# ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**MAY 1 1 2006**

Stephan Harris, Clerk
Cheyenne

Stephen H. Kline
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938
(307) 778-7056
(307) 635-8106 (f)

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

\* \* \* \* \*

| | |
|---|---|
| CINDY I. CRESS and<br>GARY D. JOHNSTON,<br><br>    Plaintiffs,<br><br>vs.<br><br>KAWASAKI MOTORS CORP., U.S.A.<br>and FREMONT MOTORSPORTS,<br><br>    Defendants. | **06 C V 0 1 1 9** ͻ<br><br>Civil Action No. _____ |

## COMPLAINT

Plaintiffs, Cindy I. Cress and Gary D. Johnston, by and through their attorney, Stephen H. Kline, and for their complaint against Defendant, state and allege as follows:

### JURISDICTION

1.      Plaintiffs, Cindy I. Cress and Gary D. Johnston, are citizens and residents of Laramie County, Wyoming.

2.       Defendant, Kawasaki Motors Corp, U.S.A. (hereinafter referred to as
"Kawasaki"), is a Delaware corporation with its principal place of business other than in the
State of Wyoming.   Kawasaki is in the business of designing, manufacturing and selling
recreational vehicles, including, but not limited to ATVs, motorcycles, and jet-ski watercrafts.
Defendant, Kawasaki, has authorized dealers in the State of Wyoming and Colorado.

3.       Defendant, Fremont Motorsports (hereinafter referred to as "Fremont") is a
Colorado Limited Liability Company with its principal place of business in Florence, Colorado.
It is an authorized dealer of Kawasaki motorcycles and ATV's and regularly advertises
promotions and sales of Kawasaki ATV's.

4.       The amount in controversy in this case exceeds the sum of $75,000.

5.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.       Plaintiffs restate the allegations contained in Paragraphs 1 through 5 above and
incorporate them herein by reference.

7.       Defendant, Kawasaki, designed and manufactured the 2002 Kawasaki 650 Prairie,
serial No. JKAVFEA102B523691 (hereinafter referred to as "ATV") and placed it into the
stream of commerce.

8.       Plaintiff Johnston purchased the ATV which is the subject of this litigation on or
about November 1, 2001 through Defendant Fremont which is one of Defendant's authorized
dealers located in Florence, Colorado. Shortly before purchasing the ATV, Plaintiff Johnston

2

became aware that a sale of Kawasaki ATV's was taking place at Defendant Fremont through an advertisement placed by Defendant Fremont in the Fence Post magazine which came to Plaintiff Johnston's home in Laramie County, Wyoming.

9.     At all times relevant hereto, Plaintiffs used the ATV for its intended purpose only.

10.     On or about Saturday, June 5, 2004, Plaintiff, Gary D. Johnston, was driving the ATV on his property in Laramie County, Wyoming. While he was driving the ATV, the tie rods separated causing the front wheel to separate from the steering control. The separation of the tie rod from the front wheel caused Johnston to lose control of the ATV and further caused the ATV to roll over on top of Johnston. As a direct and proximate result, Plaintiff, Gary D. Johnston, suffered serious injuries, including a comminuted fracture of the midshaft of his left clavicle with upward displacement as well as other injuries to his back, neck and other parts of his body.

11.     Following the incident of June 5, 2004, Plaintiff, Gary D. Johnston, took the ATV to an authorized Kawasaki dealer in Cheyenne, Wyoming for repairs. Upon information and belief, the repairs placed the ATV in the condition in which it existed when it was purchased.

12.     On or about Monday, May 23, 2005, Plaintiff, Cindy I. Cress, was driving the ATV on Plaintiffs' property in Laramie County, Wyoming. While she was driving the ATV, the tie rods separated causing the front wheel to separate from the steering control. The separation of the tie rod from the steering control caused Plaintiff, Cindy Cress, to lose control of the ATV. As a direct and proximate result, Plaintiff, Cindy Cress, suffered serious injuries, including, but not limited to, an angulated left distal radius fracture with posterior displacement.

3

13.     In July of 2005, Plaintiffs received a recall notice from Defendant indicating that the make and model of Plaintiffs' ATV was being recalled for replacement of the steering knuckles because of a danger which could result from the separation of the ball joint from the knuckles causing the tie rods to separate and subsequently the front wheels to separate from the steering control creating the potential for an accident resulting in injury or death. A copy of the Warning and Recall Notice is attached hereto as Exhibit "A". A subsequent warning and recall notice on related all terrain vehicles advised the replacement of tie rod ends. A copy of the Tie-Rod End Replacement Warning and Recall Notice is attached hereto as Exhibit "B".

## FIRST CLAIM FOR RELIEF - PRODUCT LIABILITY

14.     Plaintiffs restate the allegations contained in Paragraphs 1 through 13 above and incorporate them herein by reference.

15.     Defendants designed, produced, assembled, manufactured, tested, inspected, distributed and/or marketed the ATV which is the subject of this litigation. Defendants, Kawasaki and Fremont, owed a duty to Plaintiffs to design, produce, assemble, manufacture, test, inspect, market and distribute a reasonably safe ATV, specifically the 2002 Kawasaki 650 Prairie, serial No. JKAVFEA102B523691. That included a duty to exercise reasonable care for the protection of those such as Plaintiffs, Cindy I. Cress and Gary D. Johnston, who were expected to use the ATV.

16.     As a result of Defendants' actions and inactions, Plaintiffs have suffered personal injuries, a loss of earnings and income earning capacity, pain and suffering, loss of enjoyment of

4

life, and other injuries and damages. Defendants' actions and inactions in this regard were a direct and proximate cause of the accidents and injuries to Plaintiffs, Cindy I. Cress and Gary D. Johnston and their resultant damages.

SECOND CLAIM FOR RELIEF – NEGLIGENCE

17.     Plaintiffs restate the allegations contained in Paragraphs 1 through 16 above and incorporate them herein by reference.

18.     Defendants at all times relevant hereto designed, produced, assembled, manufactured, tested, inspected, distributed and/or marketed the ATV which is the subject of this litigation.

19.     Defendants have a duty to exercise reasonable care in the design, production, manufacture, testing, inspecting, marketing, assembling, distribution and sale of the ATV. Defendants owe said duty to the ultimate users, consumers, passengers and bystanders of the ATV, including Plaintiffs.

20.     Defendants' duty in this regard included a duty to avoid subjecting consumers, including Plaintiffs, to an unreasonable risk of injury in the event of an accident, and further to avoid and prevent particular accidents and injuries and mitigate the seriousness of accidents and injuries which do occur.

21.     Defendants negligently designed, produced, manufactured, tested, inspected, assembled, distributed and sold the vehicle so that it was unreasonably dangerous and unsafe for its intended uses. Defendants failed to take reasonable precautions to correct or eliminate such defective conditions.

5

22. As a result of Defendants' actions and inactions, Plaintiffs have suffered personal injuries, a loss of earnings and income earning capacity, pain and suffering, loss of enjoyment of life, and other injuries and damages. Defendants' actions and inactions in this regard were a direct and proximate cause of the accidents and injuries of Plaintiffs, Cindy I. Cress and Gary D. Johnston and their resultant damages.

## THIRD CLAIM – STRICT LIABILITY

23. Plaintiffs restate the allegations contained in Paragraphs 1 through 22 above and incorporate them herein by reference.

24. At all times relevant hereto, the ATV and its component parts were defective as to production, manufacture, testing, inspecting, assembly and distribution, causing the ATV and its component parts to be in a defective condition that made them unsafe for their intended use and unreasonably dangerous.

25. The ATV was in an unreasonably dangerous and defective condition when it left Defendants' possession.

26. The ATV reached Plaintiffs in substantially the same condition as it was when it left Defendants' possession.

27. As a direct and proximate result of the defective and unreasonably dangerous condition of the ATV and its component parts, the ATV was involved in the two accidents on two separate occasions, causing serious injuries to Plaintiffs.

6

28.     Defendant is strictly liable for the injuries which were caused to Plaintiffs as a result of the defective and unreasonably dangerous condition of the ATV and its component parts.

29.     As a result of Defendants' actions and inactions, Plaintiffs have suffered personal injuries, a loss of earnings and income earning capacity, pain and suffering, loss of enjoyment of life, and other injuries and damages.  Defendants' actions and inactions in this regard were a direct and proximate cause of the accidents and injuries of Plaintiffs, Cindy I. Cress and Gary D. Johnston and their resultant damages.

## FOURTH CLAIM FOR RELIEF – IMPLIED WARRANTY

30.     Plaintiffs restate the allegations contained in Paragraphs 1 through 29 above and incorporate them herein by reference.

31.     At the time Plaintiff purchased the ATV, Plaintiffs impliedly warranted that the ATV was of merchantable quality, and safe for its intended use.

32.     The defective condition of the ATV existed at the time Defendants manufactured, distributed and placed the ATV in the stream of commerce.  The ATV reached Plaintiffs without substantial change in the condition it was in when it left Defendants' possession.

33.     The defective condition of the ATV constitutes a breach of the implied warranty of merchantability.

34.     Plaintiffs have suffered personal injuries, a loss of earnings and income earning capacity, pain and suffering, loss of enjoyment of life, and other injuries and damages.

7

Defendants' breach of warranty was a direct and proximate cause of the accidents and injuries of Plaintiffs, Cindy I. Cress and Gary D. Johnston and their resultant damages.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants in the amount of their damages, including their costs and expenses which they will incur in proving this action, reasonable attorney's fees, and for such other and further relief as the Court may deem just and proper.

DATED this 11th day of May, 2006.

KLINE LAW OFFICE, P.C.

By_____
Stephen H. Kline
Attorney for Plaintiffs

# ◼◄ Kawasaki Motors Corp., U.S.A.

P.O. Box 25252, Santa Ana, California 92799-5252

# STEERING KNUCKLE REPLACEMENT

# WARNING AND RECALL NOTICE

JULY 2005

GARY D. JOHNSTON
609 ARTESIAN RD
CHEYENNE, WY 82007-3708

KVF650A1    ATV05-03
ENGINE: VF650AE521368
FRAME : 0523691
        JKAVFEA102B523691

Dear Kawasaki ATV Owner:

This notice is sent to you in accordance with the requirements of the Consumer Product Safety Act.

**The reason for this notice:**
This letter is sent to notify you that Kawasaki, in cooperation with the U.S. Consumer Product Safety Commission, has initiated a voluntary safety Recall Campaign to replace the steering knuckles on certain 2001-2005 Prairie and 2005 Brute Force 650 ATV models. Our records indicate that you have bought one of these units.

On eligible units, a significant impact to either front wheel of the ATV while the steering is fully turned to the side can result in deformation of the ball joint mounting hole in the steering knuckle. Over time the ball joint can become loose in the knuckle and cause the mounting hole to wear. Continued use of the vehicle with a loose ball joint could eventually lead to separation of the ball joint from the knuckle creating the potential for an accident resulting in injury or death.

**What Kawasaki and your dealer will do:**
Your Kawasaki dealer will correct this problem for you at no charge. The correction will consist of replacing the steering knuckle and ball joint. The actual repair will take up to two hours but may take longer due to scheduling at the dealership and the time needed to obtain required parts.

**What you must do to ensure your safety:**
*Kawasaki strongly recommends that you do not ride your ATV until the repair has been completed.* Parts will be available soon, however, repair kits will be available in limited quantities initially. Please call your authorized Kawasaki ATV dealer to schedule an appointment for repair and take this letter with you at the time of your appointment.

If you must operate your vehicle prior to the repair, perform the steering knuckle inspection prior to each ride. If you do not feel capable of performing the inspection, do not ride your ATV until the repair has been completed.

OVER

EXHIBIT

A

L0127

**Inspection Summary (Refer to attached procedure):**
Park the vehicle on a flat surface. Lift up the front of the vehicle so that both wheels are slightly off the ground. To check the right side, turn the handlebars fully to the right. Grasp the right front shock absorber and wiggle the shock and front wheel lightly from side to side and front to back. There should be no movement between the knuckle and the suspension arm. Repeat the procedure on the left side. Do not ride the vehicle if there is any movement.

If you hear a clunking sound or other noises coming from the front end of your ATV, do not ride the vehicle.

A video demonstration can be viewed at www.kawasaki.com to assist you in the inspection. After entering the Owner Information section, submit your Vehicle Identification Number (VIN) located at the top of this letter and you will be able to view this letter and the video demonstration.

**If you need help:**
If you have questions or concerns that your dealer is not able to resolve, please contact Kawasaki's Consumer Services Department:

     Kawasaki Motors Corp., U.S.A.
     ATTN: Consumer Services Department
     P.O. Box 25252
     Santa Ana, California 92799-5252
     (866) 802-9381 (toll-free) between 8:30 a.m. and 4:45 p.m. PT Monday through Friday

**If you received this notice in error:**
Our records indicate you are the current owner of the ATV described in this letter. If you no longer have the vehicle described in this letter, or if it has been repaired, please help us to update our records by calling Kawasaki toll free at (866) 802-9381.

We are sorry for any inconvenience this may cause, but we have taken this action in the interest of your safety and continued satisfaction with your Kawasaki ATV. Please contact your dealer if you have any questions.


Sincerely,

KAWASAKI MOTORS CORP., U.S.A.

# ■ **Kawasaki**

# Steering Knuckle Replacement Safety Recall Campaign

Affected Units:     2001-2002 Prairie® 300 (A/B), Prairie 400 (C/D)
2003-2005 Prairie 360 (A/B/C)
2002-2003 Prairie 650 (A/B), 2005 Brute Force™ 650 (D/E)
2004-2005 Prairie 700 (A/B/C)

## Steering Knuckle Inspection Procedure:
**Kawasaki strongly recommends that you do not ride your ATV until the repair has been completed.** If you must operate your vehicle prior to the repair, perform the following inspection prior to each ride. If you do not feel capable of performing the inspection, do not ride your ATV until the repair has been completed.



**Inspection Procedure:**
Inspect both right and left sides of the front end for any looseness or play at the front wheel, steering knuckle, suspension arm, or CV joint boot according to the following steps:

1. Clean the area of the steering knuckle so that you can see the knuckle and suspension arm joint clearly.

2. Park the vehicle on a flat surface and lock the parking brake.

3. Lift the front of the vehicle so that both wheels are slightly off the ground.

4. To check the right side, turn the handlebars fully to the right so that the knuckle, ball joint and lower suspension arm are easily viewed. Specifically, you will be checking for movement between the steering knuckle and ball joint:

Steering Knuckles





Area of possible deformation

Steering Knuckle

Ball Joint

Suspension Arm

OVER

5. Grasp the shock absorber as shown and wiggle the shock back and forth and side-to-side. Watch the lower end of the knuckle and CV joint boot for any movement.



6. Repeat the same movement while holding the tire. Again, pay careful attention to the joint of the knuckle and suspension arm.

7. Turn the handlebar the opposite direction and check the left side in the same manner.



## Do not ride the vehicle if there is any movement between the knuckle and the suspension arm.

If you operate the vehicle prior to the repair:

- o Perform the inspection prior to each ride
- o Operate the ATV at a low speed.
- o If you hear a clunking sound or other noises coming from the front end of the ATV, do not ride the vehicle.
- o If the front wheel hits any object while the steering is turned fully to either side, ride the ATV home at a low speed and carry out the inspection procedure.

### Note:

- o *A video demonstration can be viewed at www.kawasaki.com to assist you in the inspection. After entering the Owner Information section, submit your Vehicle Identification Number (VIN) located at the top of the letter sent with these instructions and you will be able to view the letter and video demonstration.*



NEWS & PROMOTIONS
PROMOTIONS
SWEEPSTAKES
LINKS
EVENTS
NEWS

12/12/2005

## BRUTE FORCE™ 750 4x4i TIE-ROD END REPLACEMENT WARNING AND RECALL NOTICE

Kawasaki, in cooperation with the U.S. Consumer Product Safety Commission, has initiated a voluntary safety Recall Campaign to replace the steering tie rod ends on 2005 Brute Force 750 4x4i (KVF750-A1/KVF750-B1) models. Tie rods connect the steering shaft to the left and right steering knuckles. On eligible units, a tie rod end could separate during operation due to either wear or impact, leading to a loss of steering control and creating the potential for an accident resulting in injury or death. Consumers with the affected vehicles are cautioned not to operate them, and to contact an authorized Kawasaki ATV retailer for repairs.

Kawasaki is notifying all of the sales-registered owners by direct mail. Owners of the affected models should immediately stop riding the ATVs and contact an authorized Kawasaki ATV dealer to make arrangements for repair. Your Kawasaki dealer will correct this problem for you at no charge. The correction will consist of replacing the tie rod ends and related parts. Consumers can contact Kawasaki for more information at (866) 802 9381 between 8:30 AM and 4:45 PM Pacific time, Monday through Friday.

Click here to find out if your vehicle is affected (Note: VIN/HIN required to search for outstanding recalls)



EXHIBIT

B